UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 13-01912-CJC(JPRx)　　　　　　　　　　　Date: December 12, 2013

Title: <u>PDQ INVESTMENTS LLC AS TRUSTEE FOR COSTEAU TRUST #25406 V. FRANCISCO LLAMAS</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>　　　　　　　　　　　　　<u>　N/A　</u>
Deputy Clerk　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:

None Present　　　　　　　　　　　　　　None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

　　　　Plaintiff PDQ Investments LLC as Trustee for Costeau Trust #25406 ("Plaintiff") filed this state law action for unlawful detainer against Francisco Llamas in Orange County Superior Court on July 18, 2013. (Dkt. No. 1 ["Notice of Removal"] Ex. 2 ["Compl."].) Plaintiff seeks possession of the property at 25406 Costeau St., Laguna Hills, California, which was sold to Plaintiff at a trustee's sale on July 25, 2012. On November 8, 2013, Mr. Llamas's tenant, Anabel Chavez, filed a Claim of Right to Possession in the Orange County Superior Court, declaring that she then occupied the premises and had occupied the premises since the date the Complaint was filed. (Notice of Removal Ex. 1.) On December 6, 2013, Ms. Chavez, acting *pro se*, removed the action to federal court based on federal question jurisdiction, 28 U.S.C. § 1331, and the civil rights removal statute, 28 U.S.C. § 1443. (Notice of Removal.)

　　　　The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01912-CJC(JPRx)　　　　　　　　　　　　Date: December 12, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action.  28 U.S.C. § 1441(b).  A federal court may exercise original jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  Cases may also be removed to federal court if they are civil rights cases within the meaning of 28 U.S.C. § 1443.

　　　In the first instance, it appears that Ms. Chavez's notice of removal is not well taken because she is not a defendant in the removed action.  The Complaint only names Mr. Llamas as the sole defendant, and Ms. Chavez has not attached any state court document that establishes that she has been named a defendant or has intervened in the unlawful detainer action.  Because removal under 28 U.S.C. §§ 1441 and 1443 must be made by a defendant, the action must be remanded for this reason alone.

　　　In any event, Ms. Chavez fails to meet the defendant's burden of establishing federal jurisdiction.  This case appears to be a straightforward action for unlawful detainer, a state law claim.  Ms. Chavez argues that a federal question is present on the face of Plaintiff's Complaint because the foreclosure was subject to the federal Protecting Tenants at Foreclosure Act of 2009 ("PTFA").  Plaintiff, however, may state a claim for unlawful detainer under California law without in any way invoking the PTFA.  *See SD Coastline LP v. Buck*, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *2−3 (S.D. Cal. Nov. 19, 2010) (rejecting the argument that the PTFA created a federal question in an unlawful detainer action).  If the PTFA were to arise at all in this case, it would arise in the context of a defense or counterclaim, neither of which can form the basis for federal jurisdiction.  *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).  Here, there are no federal questions on the face of Plaintiff's well-pleaded Complaint, and therefore there is no federal question jurisdiction.

　　　Ms. Chavez additionally asserts that she is entitled to remove the unlawful detainer action to federal court pursuant to 28 U.S.C. § 1443.  (*See* Notice of Removal at 7−11.)  Section 1443 provides that a civil action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States" may be removed to federal court.  28 U.S.C. § 1443(1).  However, Ms. Chavez fails to allege any specific facts showing that she has been deprived of her constitutional rights.  Thus, removal is not warranted under § 1443.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01912-CJC(JPRx)                    Date: December 12, 2013
                                                    Page 3

For the foregoing reasons, the Court **REMANDS** this action to state court.


jcm

MINUTES FORM 11
CIVIL-GEN                                           Initials of Deputy Clerk MU